UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUGH COLE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY ADAM, et al.,<br><br>Defendants. | Case No. 17-05691 BLF (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION; GRANTING IN PART MOTION TO FILE LENGTHY MOTION TO COMPEL; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 25, 26 & 27) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at Pelican Bay State Prison ("PBSP"). The Court found cognizable Plaintiff's Eighth Amendment claims based on his allegations of inadequate medical care. (Docket No. 9.) Defendants filed a motion for summary judgment on June 7, 2018. (Docket No. 19.) The Court recently granted Plaintiff an extension of time to file an opposition. (Docket No. 21.)

Plaintiff has filed a request "to extend discovery cutoff and dispositive motion deadlines." (Docket No. 25.) Plaintiff asserts that Defendants have failed to adequately respond to his requests for discovery, and that he needs additional time to prepare motions to compel. (*Id.* at 1.) He requests "discovery cut-off until and including January 4, 2019,"

and to "extend the dispositive motion deadline… until February 7, 2019." (*Id.* at 2.) Currently, Plaintiff's opposition to Defendants' summary judgment motion is due by August 2, 2018. (Docket No. 21.) The Court finds no justification for the lengthy extension of time Plaintiff seeks. Accordingly, Plaintiff's request is **GRANTED IN PART** such that he is granted an additional forty-two (42) days to file an opposition, which is now due **no later than September 13, 2018**.

Plaintiff has also filed a request "to file [an] extended motion to compel," i.e., to file a motion that exceeds 25 pages pursuant to Civil Local Rule 7-2(b) and 7-4(b). (Docket No. 26.) The Court finds no good cause for allowing an essentially unlimited length for such a motion, and that even 25 pages is excessive where normally such motions are limited to 3 pages. Accordingly, Plaintiff's motion is **GRANTED IN PART** such that he is granted a page limitation for his motion to compel to be **no more than 10 pages**.

Plaintiff has filed a request for counsel. (Docket No. 27.) Plaintiff asserts that his advanced age, various medical maladies, and lack of legal knowledge merit appointment of counsel. (*Id.*) Despite Plaintiff's ailments and obstacles, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the

2

circumstances of this case warrant such appointment.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's request for an extension of time is **GRANTED IN PART**. (Docket No. 25.) Plaintiff's opposition to Defendants' summary judgment motion is due **no later than September 13, 2018**. Defendants shall file a reply **within fourteen (14) days** after Plaintiff's opposition is filed. Defendants' motion shall be deemed submitted on the date the reply brief is due.

2. Plaintiff's motion for leave to file a lengthy motion to compel is **GRANTED IN PART**, such that his motion shall not exceed 10 pages. (Docket No. 26.)

Defendants' opposition to the motion shall not exceed 10 pages, and Plaintiff's reply shall not exceed 6 pages.

3. Plaintiff's motion for appointment of counsel is **DENIED**. (Docket No. 27.)

This order terminates Docket Nos. 25, 26, and 27.

**IT IS SO ORDERED.**

Dated: 08/24/2018

BETH LABSON FREEMAN
United States District Judge