United States District Court
Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11    ROBERT HUGH COLE,                      Case No. 17-05691 BLF (PR)
              Plaintiff,
12                                           **ORDER DENYING PLAINTIFF'S
         v.                                  MOTION TO COMPEL; DENYING
13                                           MOTION TO STRIKE
                                             DEFENDANTS' REPLY
14    NANCY ADAM, et al.,                    DECLARATION**

15            Defendants.

16                                           (Docket No. 39)

17

18         Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to

19   42 U.S.C. § 1983 against medical officials at Pelican Bay State Prison ("PBSP"). The

20   Court found cognizable Plaintiff's Eighth Amendment claims based on his allegations of

21   inadequate medical care. (Docket No. 9.) Defendants filed a motion for summary

22   judgment, (Docket No. 19), which has been fully briefed and submitted for decision. The

23   Court will rule on the motion for summary judgment in a separate order. In this order, the

24   Court addresses two pending motions that require advance disposition.

25   ///

26   ///

27   ///

28

**DISCUSSION**

**A.** **Motion to Compel**

Along with his opposition to Defendants' motion, Plaintiff filed a motion to compel, (Docket No. 30 at 175-212, hereinafter "Mot."), along with a declaration in support thereof, (*id.* at 213-216.) Defendants filed opposition to the motion, (Docket No. 34, hereinafter "Opp."), and Plaintiff filed a reply, (Docket No. 42, hereinafter "Reply").

Defendants first argue in opposition that Plaintiff's motion is 38 pages long, in blatant disregard of the Court's order limiting the motion to ten pages.[1] (Opp. at 2-3.) In reply, Plaintiff asserts that the length of his motion "was determined by Defendants['] failure to properly cooperate in discovery" such that it "require[d] more than ten (10) pages to draft a meaningful compel motion." (Reply at 2.) Because Defendants' opposition goes on to addresses the merits of the motion, the Court will review the motion on the merits.

Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Discovery may be limited by the court if "(i) the discovery sought is reasonably cumulative or duplicative, or is obtainable from some other source that is convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

---

[1] Before filing the motion to compel, Plaintiff filed a request "to file [an] extended motion to compel" that would allow him to file a motion that exceeds 25 pages under the Local Rules. (Docket No. 6.) The Court found no good cause for allowing an essentially unlimited length for such a motion where normally such motions are limited to 3 pages. (Docket No. 29 at 2.) Even so, the Court granted the request in part and allowed Plaintiff a 10-page limitation. (*Id.*)

2

1    The Court found that Plaintiff's complaint, liberally construed, stated cognizable

2  claims against Defendant Adam and Waddell for deliberate indifference to serious medical

3  needs related to his severe long-term chronic pain and physical impairment.  (Docket No. 9

4  at 2); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976).   The Court also exercised

5  supplemental jurisdiction over his state tort claims of negligence, fraud, and intentional

6  infliction of emotional distress.  (*Id.*)  Accordingly, under Rule 26(b)(1), Plaintiff must

7  show that the requested discovery is relevant to his deliberate indifference claim against

8  Defendant Adam and Waddell or the related state tort claims.

9    **1.    Official Information Privilege**

10    Plaintiff first attacks the sufficiency of a declaration by W. Reynolds, a PBSP

11  employee, asserting official information privilege in response to his request for discovery.

12  (Mot. at 8-12, Attach. 2, hereinafter "Reynolds Decl.")

13    The official information privilege is one of federal common law.  *Sanchez v. City of*

14  *Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990).  "To determine whether the information

15  sought is privileged, courts must weigh the potential benefits of disclosure against the

16  potential disadvantages."  *Id.* at 1033-34.  The balancing test "is moderately pre-weighted

17  in favor of disclosure."  *Kelly v. San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987).  The

18  privilege "must be formally asserted and delineated in order to be raised properly," and the

19  party opposing disclosure must "state with specificity the rationale of the claimed

20  privilege."  *Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192,

21  198 (9th Cir. 1975).  *Kerr* requires that to allow the court to decide whether the official

22  information privilege applies, defendants must provide with their objection a declaration or

23  affidavit containing (1) an affirmation that the agency generated or collected the material

24  in issue and has in fact maintained its confidentiality, (2) a statement that the official has

25  personally reviewed the material in question, (3) a specific identification of the

26  governmental or privacy interests that would be threatened by disclosure of the material to

27  plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted

28                                              3

1    protective order would create a substantial risk of harm to significant governmental or

2    privacy interests, and (5) a projection of how much harm would be done to the threatened

3    interests if the disclosure were made. *Kelly*, 114 F.R.D. at 670.

4    Defendants argue that their assertion of the official information privilege through

5    the declaration of W. Reynolds is valid because it meets the *Kelly* standards. (Opp. at 6.)

6    Mr. Reynolds attests that he is familiar with the CDCR's policies and procedures for

7    classifying documents as confidential, as well as PBSP's policies governing classification

8    of certain documents as confidential. (Reynolds Decl. ¶ 2.) He attests that the CDCR

9    considers staff training records and disciplinary documents to be confidential and

10   maintains them as confidential, like other portions of personnel files. (*Id.* at ¶ 3.) These

11   statements satisfy the first *Kelly* standard. Mr. Reynolds also states that he has reviewed

12   the material in question, satisfying the second standard. (*Id.* at ¶ 7.) Mr. Reynolds

13   describes how disclosing these documents would be detrimental and dangerous as inmates

14   would obtain and use information to undermine prison staff's authority, to manipulate

15   them, or mark staff for retribution, and that disclosure of policies, procedures, and

16   practices specific to the institution and the training afforded to staff on a daily basis and

17   during emergency situations would expose staff to undue risk, particularly in the security

18   housing setting of this lawsuit. (*Id.* at ¶¶ 5, 6.) Disclosure could also be used to

19   embarrass, extort, undermine, or promote aggression against Defendants and their families,

20   or to identify and target confidential sources. (*Id.* at ¶ 7.) Furthermore, Mr. Reynolds

21   discusses the privacy interest of the inmates whose medical records Plaintiff requests, and

22   how redaction would not be sufficient to protect patient confidentiality. (*Id.* at ¶ 8.)

23   Lastly, Mr. Reynolds states that the disclosure of information concerning the provision of

24   methadone to treat chronic pain could be used to create strategies or tactics to obtain

25   opioids among inmates. (*Id.* at ¶ 9.) These assertions satisfy the third, fourth, and fifth

26   *Kelly* standards.

27   The burden then shifts to Plaintiff to prove the following in his motion to compel:

28                                                  4

1    (1) how the requested information is relevant to the litigation or is reasonably calculated to

2    lead to the discovery of admissible evidence; (2) identify his interest that would be harmed

3    if the material were not disclosed; and (3) how that harm would occur and how extensive it

4    would be. *Kelly*, 114 F.R.D. at 671.  The Court will review each set of requests to

5    determine if Plaintiff has met these requirements.

6              **2.       Documents Requested from Defendants' Personnel Files in "Set One"**

7              Plaintiff first argues that Defendants' responses to his "set one for production of

8    documents" is "evasive, non-responsive, frivolous, and contain improper privilege claims."

9    (Mot. at 7.)  Plaintiff requests the following documents from the personnel files of

10   Defendants Adam and Waddell: (1) Defendants' post orders[2] for the period "June 2014 to

11   date," (*Id.* at 12-13); (2) documents related to Defendants' duties for the period January 1,

12   2014 to date, (*id.* at 14-15); and (3) Defendants' "training logs" for the period of "1-1-14 to

13   date," (*id.* at 15).

14             In opposition, Defendants argue that Plaintiff has failed to carry his burden of

15   showing that the additional documents he seeks are relevant under Rule 26(b)(1) of the

16   Federal Rules of Civil Procedure.  (Opp. at 3, citing *Integrated Glob. Concepts, Inc. v. j2*

17   *Glob., Inc.*, No. 512CV03434RMWPSG, 2014 WL 232211, at *1 (N.D. Cal. Jan. 21,

18   2014).)  Defendants point out that Plaintiff dedicates most of his motion attacking their

19   objections and the declaration of W. Reynolds while spending relatively little effort

20   justifying the discovery sought.  (*Id.*)

21             First of all, all the requested documents from Defendants' personnel files are

22   protected by the official information privilege as asserted in Mr. Reynolds's declaration.

23   *See supra*  at 4.  In response, Plaintiff has failed to establish that the documents are either

24   relevant to the claims in this action or are reasonably calculated to lead to the discovery of

25

26   ───────────────────
     [2] According to the declaration by W. Reynolds, post orders, also known as post
27   assignments, are documents pertaining to a staff member's training and duties. (Reynolds
     Decl. ¶ 3.)

28                                                    5

1    admissible evidence.  For example, Plaintiff has failed to establish the relevancy of the

2    requested personnel files to establishing his Eighth Amendment claim against Defendants.

3    To establish deliberate indifference to serious medical needs under the Eighth Amendment,

4    Plaintiff must show two elements: (1) that he had a "serious" medical need which, if left

5    untreated, could result in further significant injury or the "unnecessary and wanton

6    infliction of pain"; and (2) Defendants knew that Plaintiff faced a substantial risk of

7    serious harm and disregarded that risk by failing to take reasonable steps to abate it.  *See*

8    *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Defendants must both know of "facts from

9    which the inference could be drawn" that an excessive risk of harm exists, and they must

10   actually draw that inference.  *Id*.  Here, Plaintiff provides no explanation as to how these

11   personnel files would establish that he had a "serious" medical need or reveal that

12   Defendants knew that he faced a substantial risk of serious harm and disregarded that risk

13   by failing to take reasonable steps to abate it.  *See Farmer*, 511 U.S. at 834.  Plaintiff

14   merely makes conclusory assertions that Defendants' post orders are "highly relevant"

15   because they "related to their duties and responsibilities."  (Mot. at 13.)  There is no

16   explanation as to why a description of Defendants' duties and responsibilities is relevant to

17   resolving the issue of whether their treatment of his medical needs violated the Eighth

18   Amendment, or any of his related state tort claims.  In the same way, Plaintiff also fails to

19   explain the relevance of documents related to Defendants' "duties" to his claims, and only

20   makes the conclusory assertion that this information is "clearly relevant."  (Mot. at 15.)

21   Lastly, Plaintiff asserts that the training logs would show "<u>when</u> they attended specific

22   <u>types</u> of training" and then speculates that "training is *sometimes* directed pursuant to

23   findings of filed complaints and, therefore, will *probably* lead to other relevant and

24   admissible evidence."  (*Id* at 16, *italics* added.)  But Plaintiff fails to explain why this

25   information is relevant to his Eighth Amendment claim or any of the state tort claims.

26   Plaintiff has also failed to identify his interest that would be harmed if the privileged

27   material were not disclosed, and how that harm would occur and how extensive it would

28                                                                 6

1    be. *Kelly*, 114 F.R.D. at 671. Accordingly, Plaintiff has failed to overcome Defendants'

2    assertion of the official information privilege. His motion to compel the production of

3    Defendants' personnel files is DENIED.

4          **3.**       **Additional Documents Requested in "Set One"**

5          In addition, Plaintiff requests the following documents: (1) "medical records of all

6    inmates, redacted form if necessary, who has had their prescribed pain meds discontinued

7    by Defendant Adam[] upon their arrival to the PBSP/RCGP within 6 months, for the

8    periods 6-1-13 to date and 2-1-16 to date, respectively," (*id.* at 16-17); (2) "policies,

9    directives, and instructions to Adam Re: pain medication/treatment of pain at PBSP from

10   1-1-14 to date," (*id.* at 18-19); (3) "policies, directives, or instructions mandated by

11   Healthcare Service Division/PBSP Re: sleep deprivation, from 1-1-14 to date," (*id.* at 20-

12   21); (4) "PBSP pain committee policies, bulletins and e-mails from 1-1-14 to date," (*id.* at

13   21-22); (5) "documents regarding Plaintiff at PBSP from 1-1-16 to date authored by or

14   acted upon by Defendant Adam," (*id.* at 23); (6) "policies, directives or instructions

15   governing sick call procedures of general population inmates at PBSP," (*id.* at 23-24); (7)

16   "policies, directives for instructions mandated by the Healthcare Service Divisions

17   (HCSD) for CDCR sick call from 1-1-14 to date," (*id.* at 24-25); (8) "names and ages of

18   the two RNs or medical staff assigned on 2-24-16 to process new arrivals (inmates)," (*id.*

19   at 25-26); (9) "any logs, lists or other documentation reflecting grievances filed by PBSP

20   inmates directed to Defendant Adam for discontinuing inmate pain medications prescribed

21   by other doctors upon th[eir] arrival to PBSP (from 6-1-13 to date)." (*id.* at 27-28); (10)

22   "any and all documents directed to CDCR medical employees that address in any form or

23   fashion pain medications from 1-1-14 to date," (*id.* at 28-29); and (11) "documents

24   regarding California's Interactable Pain Treatment Act applied toward CDCR prisoners

25   (from 6-1-13 to date)," (*id.* at 29-30). Furthermore, Plaintiff objects to Defendants'

26   responses to his request for admissions as "non-responsive, evasive, and frivolous." (*Id.* at

27   31-32.)

28                                                                      7

1    In opposition, Defendants assert that Plaintiff seeks these documents in order to

2    obtain evidence of a conspiracy to promote an "underground, non-medical policy and

3    practice" of banning all opioid medication at PBSP, and that the extensive record of

4    Defendants' treatment of Plaintiff was fraudulently created to hide this underground

5    conspiracy.  (Opp. at 4.)  Defendants assert that this speculation by Plaintiff is not

6    sufficient to justify his efforts to intrude into Defendants' personnel files and the medical

7    records of third-party inmates.  (*Id.*)  In reply, Plaintiff merely repeats his conclusory

8    assertions that the requested documents "for the most part are facially relevant."  (Reply at

9    3-4.)

10    The Court finds that Plaintiff's motion to compel production of these documents is

11    without merit.  First of all, the Court has determined that Defendants are entitled to the

12    official information privilege, and many of these requested documents are protected under

13    that privilege as involving third-party medical records, personnel files, and prison

14    "policies, directives, or instructions."  The burden having shifted to Plaintiff, he has failed

15    to prove that the requested information is relevant to his claims or is reasonably calculated

16    to lead to the discovery of admissible evidence in support of his claims.  *Kelly*, 114 F.R.D.

17    at 671.  Even if such documents could prove a conspiracy, the Court has never found that

18    Plaintiff's complaint stated a cognizable conspiracy claim.  Therefore, the Court finds that

19    Plaintiff has failed to establish the relevance of these documents to his Eighth Amendment

20    medical claims or his state tort claims, and that they are being requested to support an

21    unfounded conspiracy claim which is not a subject of this action.  As such, these requested

22    documents are outside the scope permitted by Rule 26(b)(1), and therefore properly

23    limited.  Fed. R. Civ. P. 26(b)(2)(C)(iii).

24    With regards to their admissions, Defendants assert that they have responded to

25    Plaintiff's more than 150 requests for admissions.  (Opp. at 3.)  Defendants assert that

26    Plaintiff does not provide any substantive argument whatsoever that he is entitled to

27    further responses, having simply listing the responses which he asserts are deficient and

28    8

1  now requesting the court to "determine the sufficiency of the responses, compel proper

2  responses, and have the matters admitted." (Mot. at 31.)

3  Rule 36(a) of the Federal Rules of Civil Procedure, which governs requests for

4  admission, provides that if a matter is not admitted, "the answer must specifically deny it

5  or state in detail why the answering party cannot truthfully admit or deny it," and that "a

6  denial must fairly respond to the substance of the matter, and when good faith requires that

7  a party qualify an answer or deny only a part of a matter, the answer must specify the part

8  admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). The Court has reviewed

9  the copies of Defendants' admissions provided by Plaintiff with his motion to compel and

10  finds Defendants' answers satisfy Rule 36(a)(4). Specifically, Defendant Adam's response

11  is 27 pages long and provides specific and detailed responses to each of Plaintiff's 86

12  requests for admissions, and Defendant Waddell's 18-page response also includes specific

13  and detailed responses to each of Plaintiff's 52 requests for admissions. (Mot., Attach. 3,

14  4.) Plaintiff only makes general objections to these responses and makes no substantive

15  arguments with respect to their insufficiency. (Mot. at 32.) Accordingly, the Court finds

16  no further answer is warranted.

17  Based on the foregoing, Plaintiff's motion to compel the production of these

18  documents and for further admissions is DENIED.

19  **4.      Documents Requested in "Set Two"**

20  Lastly, Plaintiff asserts that Defendants' response to "Set Two" of his request for

21  production of documents is also non-responsive and evasive, and that their privilege

22  assertion (through another declaration by W. Reynolds) is "unsupported and unfounded,"

23  (*id.* at 33-36). Plaintiff also assets that Defendants' response to his second request for

24  admissions is also "evasive and non-responsive." (*Id.* at 36-37.) Plaintiff requested: (1) his

25  medical file for the period January 1, 2014 to date; (2) a copy of a manual, booklet, or

26  pamphlet titled "'Games Inmates Play' the manipulation of staff by inmates"; and (3) a

27  copy of Defendant Adam's "complete curriculum vitae." (*Id.* at 35-36.)

28

9

1   Plaintiff objects to Defendants' response to his first request for a copy of his

2   medical file because they allegedly omitted medical records of his pre-PBSP pain

3   committee determinations and Defendant Adam's authorization for P.A. Thomas to

4   dispense medication.  (Mot. at 35.)  However, he fails to explain how these missing

5   documents are relevant to his claims.[3]  (*Id.*)  Accordingly, he fails to satisfy the relevancy

6   requirement of Rule 26(b)(1).  Furthermore, Plaintiff challenges Defendants' objection to

7   the book "Games Inmates Play" as irrelevant, asserting that the book "displays the biased

8   mind set of Defendants and their co-workers" and that "state of mind is at issue."  (*Id.*)

9   However, there is no allegation that Defendants had any knowledge of the book and its

10  contents to support this argument, nor an explanation of how it is specifically relevant to

11  the Eighth Amendment claim or other state tort claims against them.

12  Plaintiff also objects to the Defendants' assertion that the official information

13  privilege protects disclosure of Defendant Adam's curriculum vitae.  (Mot. at 36.)

14  Plaintiff asserts that the document is relevant and "may lead to additional relevant

15  information.  (*Id.*)  In response, Defendants objected to the request for their "complete

16  curriculum vitae" as vague and ambiguous, but nevertheless produced a copy of their most

17  recent resumes and/or curriculum vitae, "redacting privileged personal contact, first name,

18  and residence/contact information," in exercise of the privileges.  (*Id.*, Attach. 5 at 2.)

19  Plaintiff fails to explain why the production of the document in redacted form is

20  insufficient, or what other specific and relevant information is is lacking in Defendants'

21  response.  (Mot. at 36.)

22  Lastly, the Court finds no merit to Plaintiff's objections to Defendants' responses to

23  his request for admissions in "Set Two."  (Mot. at 37-38.)  The Court has reviewed the

24  copies of Defendants' admissions, (Mot., Attach. 7, 8), and finds their answers satisfy Rule

25

26  [3] Furthermore, Plaintiff may also attempt to obtain these documents through the normal
    prison procedures since prisoners have a right of access to their own medical files.  *See*
27  Cal. Health & Safety Code §§ 123100-123149.5 ("Patient Access to Health Records Act").

28  10

1  36(a)(4).  Plaintiff's dissatisfaction with their answers does not render them insufficient.

2  Accordingly, the Court finds no further answer is warranted.

3  Based on the foregoing, Plaintiff's motion to compel the production of these

4  documents and for further admissions for is DENIED.

5  **B**.  **Motion to Strike Declarations**

6  Plaintiff filed a motion to strike the declaration of Defendant Nancy Adam, (Docket

7  No. 33-1), filed in support of Defendants' reply to their motion for summary judgment.

8  (Docket No. 39.)  Plaintiff asserts that the declaration "introduces new evidence outside

9  their moving papers, denying Plaintiff the opportunity to respond."  (*Id.* at 1.)  In

10  opposition, Defendants argue that the declaration was properly submitted in direct

11  response to arguments raised in Plaintiff's opposition, and therefore should not be struck.

12  (Docket No. 44.)  In reply, Plaintiff asserts that Defendants already had an opportunity to

13  respond to the complaint and in their previous moving papers.  (Docket No. 46 at 2.)

14  The Court finds that Defendant Adam's second declaration was submitted in direct

15  response to Plaintiff's opposition, wherein he argues that Physician's Assistant ("P.A.") L.

16  Thomas allegedly overwrote his then-existing methadone prescription upon arrival at

17  PBSP with identical dosage but for a shorter period, and that Defendant Adam is liable for

18  P.A. Thomas's actions.  (Docket No. 30 at 27-28.)  In her reply declaration, Defendant

19  Adam states that she would not have been aware of or involved in events occurring

20  immediately upon Plaintiff's arrival and that regardless, P.A. Thomas committed no

21  wrongdoing.  (Docket No. 33-1.)  Defendant Adam is merely responding to Plaintiff's

22  opposition argument, which is permitted and may be considered by the Court in its

23  discretion.  *See All Star Seed v. Nationwide Agribusiness Ins. Co.,* No. 12CV146 L BLM,

24  2014 WL *1286561, at * 15 (S.D. Cal. Mar. 31, 2014) (citing *Koerner v. Grigas*, 328 F.3d

25  1039, 1048-49 (9th Cir. 2003) ("[w]e have discretion to review an issued not raised by

26  [movant]… when it is raised in the [movant's] brief.")  Accordingly, Plaintiff's motion to

27  strike Defendant Adam's reply declaration is DENIED.

28

11

**CONCLUSION**

For the foregoing reasons, Plaintiff's motions to compel and to strike Defendants' reply declaration are **DENIED**.

This order terminates Docket No. 39.

**IT IS SO ORDERED.**

Dated: <u>March 4, 2019</u>

BETH LABSON FREEMAN
United States District Judge

Order Denying M. to Compel; Denying M. to Strike Reply Decl.
PRO-SE\BLF\CR.17\05691Cole_compel&strike

12